# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLA CONSULTING, INC.,**

        **Plaintiff,**

-vs-                                                         Case No. 6:07-cv-1265-Orl-31KRS

**RYMAX CORP. and BRAINSTORM LOGISTICS, INC.,**

        **Defendants.**

_____

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 3), and Plaintiff's Response thereto (Doc. 13). Defendants move for dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**I. Background**

Plaintiff, FLA Consulting, Inc. ("FCI"), is a Florida corporation with its sole office in Seminole County, Florida. Defendants Rymax Corp. ("Rymax") and Brainstorm Logistics, Inc. ("BLI") are New Jersey corporations with their principal places of business in New Jersey.

On or about July 1, 2002, Plaintiff was hired by Defendants as a consultant and sales representative to introduce Defendants to potential clients in the casino and gaming industry, and assist Defendants in procuring business throughout Florida, Mississippi, Nevada and Connecticut.

On July 1, 2002, Frank Azar ("Azar"), President of FCI, visited Defendants' offices in New Jersey and signed, on behalf of FCI, a Sales Representative/Employment Agreement ("the Original Agreement") drafted by Defendants. (Doc. 14 at 9-20). Upon returning to Florida, Azar read the

Original Agreement more carefully and decided that he was unhappy with several of its terms. Azar drafted a letter detailing some of his concerns and sent it to Defendants. (Doc. 14 at 21-24). In his letter, Azar requested that the contract be either changed or scrapped. (Doc. 14 at 24). In response to that letter, Defendants sent Azar a letter ("the Binder Agreement"), which Azar then signed and returned to Defendants. (Doc. 14 at 25).

Plaintiff states that the Binder Agreement replaced the Original Agreement, which was cancelled. (Doc. 4 at 20). The Binder Agreement stated, *inter alia*, that FCI was entitled to 2% commission on net sales. (Doc. 14 at 25). Over the next 5 years, FCI received twelve payments from Defendants, 11 of which were mailed to FCI's office in Florida, and one which was handed to Azar personally while he was in New Jersey. (Doc. 4 at 20).

Plaintiff filed this action in state court claiming, *inter alia*, that Defendants breached the Binder Agreement by not paying all the commissions due and by failing to provide supporting sales reports, as required. Defendants removed the action to federal court on the basis of diversity jurisdiction, and now seek to dismiss the action for lack of personal jurisdiction.

**II. Standard of Review**

> [T]he plaintiff, has the burden of establishing a prima facie case of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). . .
>
> Where, as here, the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Id.* Where [Plaintiff's] complaint and supporting affidavits and documents conflict with the Defendants' affidavits, we must construe all reasonable inferences in favor of the plaintiff. *Id*.

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)

> Florida has a two-step inquiry for determining whether there is long-arm jurisdiction over a nonresident defendant in Florida. *Wendt,* 822 So. 2d at 1257. First, the court must determine whether the plaintiff's complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute, i.e., whether defendant performed any of the acts delineated in the statute. *Id*. If such facts are alleged, it must determine whether there are sufficient minimum contacts between the defendant and Florida to satisfy the Fourteenth Amendment's due process requirements. *Id*. "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." *Taskey v. Burtis*, 785 So. 2d 557, 559 (Fla. 4th DCA 2001).

*Woodard Chevrolet, Inc. v. Taylor Corp*., 949 So. 2d 268, 270 (Fla. 4th DCA 2007).

**III. Analysis**

*A) Florida's Long Arm Statute*

"'Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state' is one of the enumerated acts which will subject a person to jurisdiction in Florida. See § 48.193(1)(g), Fla. Stat. (2006). It is sufficient for purposes of the first prong of the test that a contract is made with a Florida resident and payment is to be made in this state." *Woodard*, 949 So. 2d at 270. *See also Armaly v. Practice Management Assocs., Inc.,* 533 So. 2d 920, 921 (Fla. 2nd DCA 1988)("The jurisdictional prerequisites of section 48.193(1)(g), Florida Statutes (1987), were fulfilled in that the complaint contains allegations to the effect that, in the words of that statute, defendant breached 'a contract in this state by failing to perform acts required by the contract to be performed in this state,' to wit, defendant's alleged failure to pay plaintiff in Florida.").

It is undisputed that the contract at issue in this case required Defendants to make payments to Plaintiff, whose sole place of business is located in Seminole County, Florida. "Since no place of payment was specifically designated, the effect of the contract was that the place of payment

was the Florida office of plaintiff." *Id*. at 921. Because Plaintiff's complaint alleges that Defendants failed to make the required payments, Florida's long-arm statute is satisfied here.

*B) Minimum Contacts*

However, this alleged breach alone is not enough to establish minimum contacts as required by the due process clause of the Fourteenth Amendment. *See Vacation Ventures v. Holiday Promotions,* 687 So. 2d 286, 290 (Fla. 5th DCA 1997).

> In determining whether sufficient minimum contacts exist with the state of Florida, the Court considers whether the defendant has purposefully established minimum contacts with the forum state out of which the instant action arises. *See Hoechst Celanese Corp. v. Nylon Engineering Resins, Inc.*, 896 F. Supp. 1190 at 1193 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 108-09, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987)). The Court assesses whether the defendant has purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protection of its laws. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). The cause of action must arise out of the contacts with the forum state.

*Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1228-29 (M.D. Fla. 2000).

In the complaint, Plaintiff alleges that Defendants signed a contract with Plaintiff, a Florida resident, and that, pursuant to that contract, Plaintiff represented Defendants and conducted business for them in this state. Plaintiff also alleges in the complaint that Defendants "engaged in substantial activity" in the state of Florida.

In support of their motion, Defendants have submitted an affidavit, signed by Eve Kolakowski ("Kolakowski"), the Chief Operating Officer of both Rymax and BLI. (Doc. 3 at 14-18). The affidavit avers that Defendants are not licensed to conduct business in Florida, do not have any offices in Florida, do not engage in any "directed advertising efforts" in Florida and do not own any property in Florida. (Doc. 3 at 15). However, the affidavit does state that Azar was an

employee or agent of Defendants in Florida. (Doc. 3 at 15). Kolakowski states that FCI "never performed services in Florida", did not generate any sales in Florida and that Defendants did not obtain any customers in Florida as a result of FCI's efforts. (Doc. 3 at 18). However, Defendants do not address whether they conduct any activities in Florida unrelated to their relationship with FCI.

In response to Defendants' motion, Plaintiff also submitted an affidavit, signed by Frank Azar, that states that Defendants have sent sales representatives to two trade shows in Florida and shipped merchandise on a regular basis to Florida. (Doc. 14 at 3-8). Plaintiff has submitted information from Defendants's website and packing slips in support of these statements. (Doc. 14 at 26-36).

From these facts it appears that Defendants have purposefully availed themselves of the privilege of conducting activities in Florida, thus invoking the benefits and protection of its laws. Therefore, Plaintiff has satisfied the minimum contacts prong of the due process test.

*C) Fairness Factors*

Finally, this Court's exercise of personal jurisdiction over Defendants must not violate traditional notions of fair play and substantial justice. In making this determination, this Court considers five factors: "1.) the burden on the defendant in defending the lawsuit in the forum state; 2.) the forum state's interest in adjudicating the dispute; 3.) plaintiff's interest in obtaining convenient and effective relief; 4.) interstate judicial system's interest in obtaining most efficient resolution of the controversy; and 5.) shared interests of the several states in furthering fundamental substantive social policies." *Nida Corp.*, 118 F. Supp.2d at 1230.  Defendants make no arguments concerning this issue. Furthermore, this Court has considered the relevant factors

and holds that the exercise of personal jurisdiction over Defendants in this case would not be unfair, nor would it offend justice. Therefore, this Court finds that it may exercise personal jurisdiction over Defendants in this case.

*D) Forum Selection Clause*

Defendants' final argument is that the forum selection clause in the Original Agreement mandates that this dispute be filed in New Jersey. The Eleventh Circuit has held, in the context of removal based solely on diversity jurisdiction, ordinary contract principles govern a contractual waiver. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir. 1999).

Plaintiff alleges that the forum selection clause does not apply in this case because the Original Agreement was cancelled and replaced by the Binder Agreement which contains no forum selection clause.

Determining which contract, if any, is legally enforceable and controlling in this case requires the resolution of factual issues that cannot be resolved at this stage of the litigation. On a motion to dismiss, this Court must accept the well pled facts in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232 (1974); Fed. R. Civ. P. 10(c); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Therefore, the Court must assume that the Binder Agreement is the only contract at issue here and there is no forum selection clause to be interpreted or enforced.

**IV. Conclusion**

    Accordingly, it is

    **ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 3) is **DENIED**.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on September 17, 2007.

*[Signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party